IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUKE HOVDE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 3:23-CV-1021-K |
| | § | |
| PENHALL COMPANY, | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Rule 12(b)(6) Motion to Dismiss the Second and Third Claims of Plaintiff's Original Complaint (Doc. No. 13) and Brief in Support (Doc. No, 14) (together, the "Motion"). Plaintiff did file a response in opposition and the time to do so has long passed.

Plaintiff filed suit against Defendant for alleged actions related to and arising out of the termination of his employment. *See* Doc. No. 1 at 3-4. Plaintiff asserts three state law claims against Defendant: (1) breach of contract, (2) failure to pay wages, and (3) defamation. *Id.* at 4-7. Defendant moves the Court to dismiss Plaintiff's claims for failure to pay wages and defamation. Defendant argues, generally, that failure to pay wages is not a legally cognizable claim under Texas law, there is no private right of action under the Texas Payday Law (if, alternatively, that is the basis for his claim), and, regardless, such a claim would be duplicative of his breach of contract claim. Doc.

1

No. 14 at 2-3. As for the defamation claim, Defendant argues, generally, that Plaintiff fails to allege facts sufficient to plausibly state a claim upon which relief can be granted. *Id.* at 3-4.

A plaintiff's "failure to pursue" or defend a claim in response to a dispositive motion constitutes abandonment of that claim. *See, e.g., Terry Black's Barbeque, LLC v. Sate Auto. Mut. Ins. Co.*, 22 F.4th 450, 459 (5th Cir. 2022) ("A plaintiff abandons claims when it fails to address the claims or oppose a motion challenging those claims."); *In re Dallas Roadster, Ltd.*, 846 F.3d 112, 126 (5th Cir, 2017) (plaintiff abandoned claim in failing to address it in opposition to the motions to dismiss and for summary judgment); *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (claim abandoned by plaintiff when she failed to defend it in response to motion to dismiss); *Vela v. City of Houston*, 276 F.3d 659, 679 (5th Cir. 2001) (the defendant failed to re-assert its limitations defense when challenged by the plaintiffs in their summary judgment motion); *Costello v. U.S. Bank Tr., N.A. for LSF9 Master Participation Tr.*, 689 F. App'x 253, 256 (5th Cir. 2017) ("In any event, as the district court noted, Costello abandoned his unjust enrichment claim by failing to address it in his response to US Bank's motion for judgment on the pleadings.").

As the Court noted, Plaintiff did not file a response opposing Defendant's Motion or in any other way attempt to defend these claims. Plaintiff's failure to pursue these two claims beyond his Complaint represents abandonment of his claims for failure to pay wages and for defamation. *Black*, 461 F.3d at 588 n.1; *see Terry Black's*

2

*Barbeque*, 22 F.4th at 459. Furthermore, the Court finds merit in the arguments presented by Defendant in its Motion. *See Mandawala v. N.E. Baptist Hosp.*, 16 F.4th 1144, 1153 (5th Cir. 2021) ("In Texas, a defendant is liable for defamation if he negligently publishes a false statement that defames the plaintiff and causes damages. To plead defamation in federal court, a plaintiff generally must specify when and where the statement was published. Otherwise, the claim may be too vague to give adequate notice to the defendant of the claim he must contest."); *Minyard Food Stores, Inc. v. Goodman*, 80 S.W.3d 573, 579 (Tex. 2002) ("There is a critical distinction between defaming someone to one's employer and defaming someone for one's employer."); *Ihegword v. Harris Cnty. Hosp. Dist.*, 929 F. Supp. 2d 635, 669 (S.D. Tex. 2013) ("An employee who has been denied wages thus has the option of either filing a wage claim with the [Texas Workforce Commission] or filing a common law breach-of-contract claim in court."), *aff'd*, 555 F. App'x 372 (2014); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face.").

For these reasons, the Court **GRANTS** Defendant's Motion to Dismiss. Plaintiff's claims for failure to pay wages and for defamation are hereby **dismissed without prejudice**.

**SO ORDERED.**

Signed December 19th, 2023.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE